**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| William Darrell Petrey, et al., | : | Case Number 1:23-cv-490 |
| | : | |
| Plaintiffs | : | Judge Douglas R. Cole |
| | : | |
| | : | |
| v. | : | |
| | : | |
| The City Of Wilmington, et al., | : | |
| | : | |
| Defendants | : | |

---

**ANSWER OF DEFENDANTS THE CITY OF WILMINGTON,**
**MARK McKAY, AND CHIEF RONALD FITHEN**

---

For their Answer to the Complaint (the "Complaint") of Plaintiffs William Darrell Petrey

and Anthony Thomas (the "Plaintiffs"), Defendants City of Wilmington, Mark McKay, and Chief

Ronald Fithen (the "Defendants") state as follows:

**INTRODUCTION**

1.      Paragraph 1 of the Complaint states legal conclusions and purports to characterize

the nature of Plaintiffs' claims, and thus no response is required.  To the extent a response is

deemed required, Defendants admit that Plaintiffs purport to bring this case under 42 U.S.C. §

1983.  Defendants deny the remainder of Paragraph 1.

**PARTIES**

2.      Defendants are without sufficient knowledge or information to form a belief as to

the truth of the allegations in Paragraph 2 and therefore deny the same.

1

3.      Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 3 and therefore deny the same.

4.      Defendants admit the allegations in Paragraph 4 of the Complaint.

5.      In response to Paragraph 5 of the Complaint, Defendants admit that Defendant Mark McKay ("McKay") was formerly the president of the City of Wilmington (the "City") City Council ("Council") and that Plaintiffs purport to sue McKay in his official and individual capacities, notwithstanding an official capacity claim is a suit against the City, and the City is a party.  Defendants deny the remainder of Paragraph 5.

6.      In response to Paragraph 6 of the Complaint, Defendants admit that Defendant Chief Ronald Fithen ("Chief Fithen") is the Chief of Police for the City and that Plaintiffs purport to sue Chief Fithen in his official and individual capacities, notwithstanding an official capacity claim is a suit against the City, and the City is a party.  Defendants deny the remainder of Paragraph 6.

### JURISDICTION AND VENUE

7.      Paragraph 7 of the Complaint states legal conclusions to which no response is required. To the extent a response is deemed required, and subject to claims of immunity, Defendants admit this Court has jurisdiction over claims arising under federal law.  Defendants deny the remainder of Paragraph 7, including any allegation with respect to jurisdiction of state law claims should the Court dismiss Plaintiffs' federal claims.

8.      Paragraph 8 of the Complaint states legal conclusions to which no response is required. To the extent a response is deemed required, and subject to claims of immunity, Defendants admit that venue is proper in the United States District Court for the Southern District of Ohio – Western Division.

**BACKGROUND**

9.      Paragraph 9 contains no allegations against Defendants and therefore no response is required. To the extent a response is deemed required, and in light of the fact that Plaintiffs have not specified a time period for which the allegations in Paragraph 9 arise, Defendants deny.

10.     Paragraph 10 contains no allegations against Defendants and therefore no response is required. To the extent a response is deemed required, Defendants deny.

11.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 11 and therefore deny the same.

12.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 12 and therefore deny the same.

13.     Paragraph 13 contains no allegations against Defendants and therefore no response is required. To the extent a response is deemed required, and in light of the fact that Plaintiffs have not specified a time period for which the allegations in Paragraph 13 arise, Defendants deny.

14.     Paragraph 14 contains no allegations against Defendants and therefore no response is required. To the extent a response is deemed required, and in light of the fact that Plaintiffs have not specified a time period for which the allegations in Paragraph 14 arise, Defendants deny.

15.     Paragraph 15 contains no allegations against Defendants and therefore no response is required. To the extent a response is deemed required, and assuming Plaintiffs' allegations refer to Spring of 2023, Defendants admit that Mayor John Stanforth was involved in an election. Defendants deny the remainder of Paragraph 15.

16.     Paragraph 16 contains no allegations against Defendants and therefore no response is required. To the extent a response is deemed required, Defendants admit that a primary election was to occur on May 2, 2023.  Defendants deny the remainder of Paragraph 16.

17.     Paragraph 17 contains no allegations against Defendants and therefore no response is required. To the extent a response is deemed required, Defendants deny.

18.     Paragraph 18 contains no allegations against Defendants and therefore no response is required. To the extent a response is deemed required, Defendants deny.

19.     In response to Paragraph 19 of the Complaint, Defendants admit that Plaintiffs have attended City Council meetings and Plaintiffs have participated in public participation sessions. Defendants deny the remainder of Paragraph 19.

20.     In response to Paragraph 20 of the Complaint, Defendants admit that Greg Pitzer has attended City Council meetings and that he has participated in public participation sessions. Defendants deny the remainder of Paragraph 20.

21.     In response to Paragraph 21 of the Complaint, Defendants admit that Jane Tuke-Johns has attended City Council meetings and that she has participated in public participation sessions.  Defendants deny the remainder of Paragraph 21.

22.     The allegations in Paragraph 22 of the Complaint are vague and ambiguous. Accordingly, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 and therefore deny the same.

23.     Defendants admit that the City designates a portion of its Council meetings for public participation. Defendants further state that the rules included in the Complaint speak for themselves, and thus no response with respect to the contents of the rules is required. To the extent a response is deemed required, Defendants admit that the rules in the Complaint are a reproduction (with the exception of emphasis added by Plaintiffs) of the rules available on the City's website as of the date of the Complaint.  Defendants deny the allegations in Paragraph 23 to the extent they purport to describe rules currently in place or otherwise in force for Council.

24.     Defendants deny the allegations in Paragraph 24 of the Complaint.

25.     Defendants deny the allegations in Paragraph 25 of the Complaint.

26.     Defendants admit the allegations in Paragraph 26 of the Complaint.

27.     Defendants deny the allegations in Paragraph 27 of the Complaint.

28.     Paragraph 28 purports to describe and otherwise characterize a recording, and because that recording is the best evidence of what transpired, no response is required.  To the extent a response is deemed required, Defendants admit that Tuke-Johns attended a meeting. Defendants deny the remainder of Paragraph 28.

29.     Paragraph 29 purports to describe and otherwise characterize a recording, and because that recording is the best evidence of what transpired, no response is required.  To the extent a response is deemed required, Defendants admit that Tuke-Johns attended a meeting. Defendants deny the remainder of Paragraph 29.

30.     Paragraph 30 purports to describe and otherwise characterize a recording, and because that recording is the best evidence of what transpired, no response is required.  To the extent a response is deemed required, Defendants admit that Tuke-Johns attended a meeting. Defendants deny the remainder of Paragraph 30.

31.     Paragraph 31 purports to describe and otherwise characterize a recording, and because that recording is the best evidence of what transpired, no response is required.  To the extent a response is deemed required, Defendants admit that Tuke-Johns attended a meeting. Defendants deny the remainder of Paragraph 31.

32.     Paragraph 32 purports to describe and otherwise characterize a recording, and because that recording is the best evidence of what transpired, no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 32.

33. Paragraph 33 purports to describe and otherwise characterize a recording, and because that recording is the best evidence of what transpired, no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 33.

34. Paragraph 34 purports to describe and otherwise characterize a recording, and because that recording is the best evidence of what transpired, no response is required. To the extent a response is deemed required, Defendants admit that Thomas spoke before Petrey during a meeting on April 20, 2023. Defendants deny the remainder of Paragraph 34.

35. Paragraph 35 purports to describe and otherwise characterize a recording, and because that recording is the best evidence of what transpired, no response is required. To the extent a response is deemed required, Defendants admit that Thomas did not threaten "with physical violence." Defendants deny the remainder of Paragraph 35.

36. Paragraph 36 purports to describe and otherwise characterize a recording, and because that recording is the best evidence of what transpired, no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 36.

37. Paragraph 37 purports to describe and otherwise characterize a recording, and because that recording is the best evidence of what transpired, no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 37.

38. Paragraph 38 purports to describe and otherwise characterize a recording, and because that recording is the best evidence of what transpired, no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 38.

39. Paragraph 39 purports to describe and otherwise characterize a recording, and because that recording is the best evidence of what transpired, no response is required. To the

extent a response is deemed required, Defendants admit that McKay reminded Thomas of the rules of public participation.  Defendants deny the remainder of Paragraph 39.

40.      Paragraph 40 purports to describe and otherwise characterize a recording, and because that recording is the best evidence of what transpired, no response is required.  To the extent a response is deemed required, Defendants admit that McKay said the word "attack." Defendants deny the remainder of Paragraph 40.

41.      Paragraph 41 purports to describe and otherwise characterize a recording, and because that recording is the best evidence of what transpired, no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 41.

42.      Paragraph 42 purports to describe and otherwise characterize a recording, and because that recording is the best evidence of what transpired, no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 42.

43.      Paragraph 43 purports to describe and otherwise characterize a recording, and because that recording is the best evidence of what transpired, no response is required.  To the extent a response is deemed required, Defendants admit that Thomas agreed to be removed from the meeting.  Defendants deny the remainder of Paragraph 43.

44.      Paragraph 44 purports to describe and otherwise characterize a recording, and because that recording is the best evidence of what transpired, no response is required.  To the extent a response is deemed required, Defendants admit that Thomas yelled "Nazi" and pointed toward a specific person.  Defendants deny the remainder of Paragraph 44, including any allegation that Defendants engaged in "censorship" or acted in a way that was "anti-freedom."

45.      Defendants deny the allegations in Paragraph 45 of the Complaint.

46.      Defendants deny the allegations in Paragraph 46 of the Complaint.

47.     Paragraph 47 of the Complaint purports to describe and otherwise characterize a recording, and because that recording is the best evidence of what transpired, no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 47.

48.     Paragraph 48 purports to describe and otherwise characterize a recording, and because that recording is the best evidence of what transpired, no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 48.

49.     In response to Paragraph 49 of the Complaint, and assuming the allegations in Paragraph 49 relate to April 20, 2023, Defendants admit that a person other than Thomas and Petrey began speaking to Chief Fithen and that person was not arrested.  Defendants deny the remainder of Paragraph 49.

50.     Paragraph 50 purports to describe and otherwise characterize a recording, and because that recording is the best evidence of what transpired, no response is required.  To the extent a response is deemed required, Defendants admit the allegations in Paragraph 50.

51.     Paragraph 51 purports to describe and otherwise characterize a recording, and because that recording is the best evidence of what transpired, no response is required.  To the extent a response is deemed required, Defendants admit that Petrey talked.  Defendants deny the remaining allegations in Paragraph 51.

52.     Paragraph 52 purports to describe and otherwise characterize a recording, and because that recording is the best evidence of what transpired, no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 52.

53.     Paragraph 53 purports to describe and otherwise characterize a recording, and because that recording is the best evidence of what transpired, no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 53.

54.     Paragraph 54 purports to describe and otherwise characterize a recording, and because that recording is the best evidence of what transpired, no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 54.

55.     Paragraph 55 purports to describe and otherwise characterize a recording, and because that recording is the best evidence of what transpired, no response is required.  To the extent a response is deemed required, Defendants admit that Chief Fithen said "jail."  Defendants deny the remaining allegations in Paragraph 55.

56.     Paragraph 56 states legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 56.

57.     Defendants deny the allegations in Paragraph 57 of the Complaint.

58.     Defendants deny the allegations in Paragraph 58 of the Complaint.

59.     Defendants admit the allegations in Paragraph 59 of the Complaint.

60.     Defendants admit the allegations in Paragraph 60 of the Complaint.

61.     In response to Paragraph 61 of the Complaint, Defendants admit that "[n]o chairs were flipped" while Thomas and Petrey spoke.  Defendants deny the remainder of Paragraph 61.

62.     Defendants deny the allegations in Paragraph 62 of the Complaint.

63.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 and therefore deny the same.

64.     Defendants state that Haley's affidavit speaks for itself and thus no response is required. To the extent a response is deemed required, Defendants lack sufficient knowledge or

information to form a belief as to the truth of the allegations in Paragraph 64 and therefore deny the same.

65.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 65 and therefore deny the same.

66.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 66 and therefore deny the same.

67.     In response to Paragraph 67 of the Complaint, Defendants admit that criminal complaints were filed against Plaintiffs for disrupting a public meeting pursuant to Ohio Revised Code 2917.12. Defendants deny the remaining allegations in Paragraph 67.

68.     In response to Paragraph 68, Defendants state that Ohio Revised Code 2917.12 speaks for itself and thus no response is required. To the extent a response is deemed required, Defendants admit that Ohio Revised Code 2917.12 is accurately reproduced in the Complaint.

69.     Defendants deny the allegations in Paragraph 69 of the Complaint.

70.     Defendants deny the allegations in Paragraph 70 of the Complaint.

71.     Defendants deny the allegations in Paragraph 71 of the Complaint.

72.     In response to Paragraph 72, Defendants state that the criminal complaints and affidavits speak for themselves and thus no response from Defendants is required. To the extent a response is deemed required, Defendants deny.

73.     Defendants are without knowledge or information to form a belief as to the truth of the allegation in Paragraph 73 and therefore deny the same.

74.     In response to Paragraph 74, Defendants state that Dispatch Murphy's social media posts speak for themselves and thus no response from Defendants is required. To the extent a response is deemed required, Defendants deny.

75.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 75 and therefore deny the same.

76.     Defendants admit that the criminal complaints against Plaintiffs were dismissed. Defendants deny the remaining allegations in Paragraph 76.  Responding further, Defendants state that upon charging, Defendants could not affect the pending prosecution because it was under the control of a special prosecutor.

77.     Defendants deny the allegations in Paragraph 77 of the Complaint.

78.     Defendants deny the allegations in Paragraph 78 of the Complaint.

79.     In response to Paragraph 79 of the Complaint, Defendants admit that Mayor Stanforth did not win the primary election.  Defendants deny the remainder of Paragraph 79.

80.     Defendants deny the allegations in Paragraph 80 of the Complaint.

## COUNT I

81.     Defendants incorporate by reference their denials and averments above as if fully rewritten herein.

82.     Paragraph 82 of the Complaint purports to characterize and describe the scope of the First Amendment to the U.S. Constitution, and thus no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 82 to the extent they imply that Defendants violated the law or to the extent Plaintiffs mischaracterize that law.

83.     Paragraph 83 of the Complaint purports to characterize and describe the scope of the First Amendment to the U.S. Constitution, and thus no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 83 to the extent they imply that Defendants violated the law or to the extent Plaintiffs mischaracterize that law.

84.     Paragraph 84 of the Complaint purports to characterize and describe the scope of the First Amendment to the U.S. Constitution, and thus no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 84 to the extent they imply that Defendants violated the law or to the extent Plaintiffs mischaracterize that law.

85.     Defendants deny the allegations in Paragraph 85 of the Complaint.

86.     Defendants deny the allegation in Paragraph 86 of the Complaint.

87.     Defendants deny the allegation in Paragraph 87 of the Complaint.

88.     Defendants deny the allegations in Paragraph 88 of the Complaint.

89.     Defendants deny the allegations in Paragraph 89 of the Complaint.

90.     Defendants deny the allegations in Paragraph 90 of the Complaint.

91.     Defendants deny the allegations in Paragraph 91 of the Complaint.

92.     Defendants deny the allegations in Paragraph 92 of the Complaint.

93.     Defendants deny the allegations in Paragraph 93 of the Complaint.

94.     Defendants deny the allegations in Paragraph 94 of the Complaint.

## COUNT II

95.     Defendants incorporate by reference their denials and averments above as if fully rewritten herein.

96.     Paragraph 96 of the Complaint purports to characterize and describe the scope of the law, and thus no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 96 to the extent they imply that Defendants violated the law or to the extent Plaintiffs mischaracterize that law.

97.     Paragraph 97 of the Complaint purports to characterize and describe the scope of the law, and thus no response is required.  To the extent a response is deemed required, Defendants

deny the allegations in Paragraph 97 to the extent they imply that Defendants violated the law or to the extent Plaintiffs mischaracterize that law.

98.     Paragraph 98 of the Complaint purports to characterize and describe the scope of the law, and thus no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 98 to the extent they imply that Defendants violated the law or to the extent Plaintiffs mischaracterize that law.

99.     Paragraph 99 of the Complaint purports to characterize and describe the scope of the law, and thus no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 99 to the extent they imply that Defendants violated the law or to the extent Plaintiffs mischaracterize that law.

100.    Defendants deny the allegations of Paragraph 100 of the Complaint.

101.    Defendants deny the allegations in Paragraph 101 of the Complaint.

## COUNT III

102.    Defendants incorporate by reference their denials and averments above as if fully rewritten herein.

103.    Defendants deny the allegations in Paragraph 103 of the Complaint.

104.    Defendants deny the allegations in Paragraph 104 of the Complaint.

105.    Paragraph 105 of the Complaint purports to characterize and describe the scope of the law, and thus no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 105 to the extent they imply that Defendants violated the law or to the extent Plaintiffs mischaracterize that law.

106.    Defendants deny the allegations in Paragraph 106 of the Complaint.

107.    Defendants deny the allegations in Paragraph 107 of the Complaint.

108.    Defendants deny the allegations in Paragraph 108 of the Complaint.

109.    Defendants deny the allegations in Paragraph 109 of the Complaint.

110.    Defendants deny the allegations in Paragraph 110 of the Complaint.

111.    Defendants deny the allegations in Paragraph 111 of the Complaint.

## COUNT IV

112.    Defendants incorporate by reference their denials and averments above as if fully rewritten herein.

113.    Defendants deny the allegations in Paragraph 113 of the Complaint.

114.    Defendants deny the allegations in Paragraph 114 of the Complaint.

115.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 115 of the Complaint and therefore deny the same.

116.    Paragraph 116 of the Complaint purports to characterize and describe the scope of the law, and thus no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 116 to the extent they imply that Defendants violated the law or to the extent Plaintiffs mischaracterize that law.

117.    Defendants deny the allegations in Paragraph 117 of the Complaint.

118.    Defendants deny the allegations in Paragraph 118 of the Complaint.

119.    Defendants deny the allegations in Paragraph 119 of the Complaint.

120.    Defendants deny the allegations in Paragraph 120 of the Complaint.

121.    Defendants deny the allegations in Paragraph 121 of the Complaint.

## COUNT V

122.    Defendants incorporate by reference their denials and averments above as if fully rewritten herein.

123. Defendants deny the allegations in Paragraph 123 of the Complaint.

124. Defendants deny the allegations in Paragraph 124.

125. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 125 and therefore deny the same.

126. Defendants deny the allegations in Paragraph 126 of the Complaint.

127. Defendants deny the allegations in Paragraph 127 of the Complaint.

128. Defendants deny the allegations in Paragraph 128 of the Complaint.

## COUNT VI

129. Defendants incorporate by reference their denials and averments above as if fully rewritten herein.

130. Defendants deny the allegations in Paragraph 130 of the Complaint.

131. In response to Paragraph 131 of the Complaint, Defendants admit that Plaintiffs were charged with a crime.  Defendants deny the remainder of Paragraph 131.

132. Defendants deny the allegations in Paragraph 132 of the Complaint.

133. Defendants deny the allegations in Paragraph 133 of the Complaint.

134. Defendants deny the allegations in Paragraph 134 of the Complaint.

135. Defendants deny the allegations in Paragraph 135 of the Complaint.

## COUNT VII

136. Defendants incorporate by reference their denials and averments above as if fully rewritten herein.

137. Paragraph 137 purports to describe and otherwise characterize a recording, and because that recording is the best evidence of what transpired, no response is required.  To the

extent a response is deemed required, Defendants admit that Jane Tuke-Johns attended a meeting on April 20, 2023.  Defendants deny the remainder of Paragraph 137.

138.    Defendants deny the allegations in Paragraph 138 of the Complaint.

139.    In response to Paragraph 139 of the Complaint, Defendants admit that, to their knowledge, Jane Tuke-Johns was not arrested on April 20, 2023.  Defendants deny the remainder of Paragraph 139.

140.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 140 of the Complaint and therefore deny the same.

141.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 141 of the Complaint and therefore deny the same.

142.    Defendants deny the allegations in Paragraph 142 of the Complaint.

143.    Unless explicitly admitted above, Defendants deny each and every allegation in Plaintiffs' Complaint.

144.    Defendants deny that Plaintiffs are entitled to any of the relief sought in the prayer for relief at the end of the Complaint or any other relief whatsoever.

### FIRST AFFIRMATIVE DEFENSE

145.    Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

146.    Any damages sustained by Plaintiffs' were caused in whole or in part by the avoidable consequences, or willful, criminal and/or intentional misconduct of Plaintiffs.

## THIRD AFFIRMATIVE DEFENSE

147.    Plaintiffs' claims against the City are barred in whole and/or in part by the doctrines of absolute immunity and/or statutory immunity pursuant to Ohio Revised Code § 2744 et seq. and other applicable law.

## FOURTH AFFIRMATIVE DEFENSE

148.    Plaintiffs' claims are barred because Defendants' actions were in good faith, without malice and with probable cause and/or reasonable suspicion.

## FIFTH AFFIRMATIVE DEFENSE

149.    Plaintiffs' claims are barred in whole or in part by the doctrine of qualified immunity, and specifically, Plaintiffs cannot cite to a case similar to the narrow facts alleged in the Complaint to escape qualified immunity.

## SIXTH AFFIRMATIVE DEFENSE

150.    At no relevant time did Defendants commit a willful, wanton, bad faith, or malicious act.

## SEVENTH AFFIRMATIVE DEFENSE

151.    Defendants did not at any relevant time act with discriminatory intent or purpose.

## EIGHTH AFFIRMATIVE DEFENSE

152.    Plaintiffs failed to mitigate their alleged damages.

## NINTH AFFIRMATIVE DEFENSE

153.    To the extent Plaintiffs allege a claim for punitive damages, Plaintiffs' claims are barred, *see* R.C. 2744.05, or otherwise limited, *see* R.C. 2315.21

## TENTH AFFIRMATIVE DEFENSE

154.    Defendants reserve the right to assert any additional affirmative defenses discovered during the courts of discovery or otherwise.

Respectfully submitted,

*/s/ Justin M. Burns*
Justin M. Burns (0093686)
DINSMORE & SHOHL LLP
191 W. Nationwide Blvd. Suite 200
Columbus, OH 43215
Telephone: (614) 628-6880
Facsimile: (614) 628-6973
justin.burns@dinsmore.com

*and*

Eric K. Combs (0067201)
Keeley Gogul (0102269)
DINSMORE & SHOHL LLP
255 East Fifth St., Suite 1900
Cincinnati, OH 45202
Telephone: (513) 977-8200
Facsimile: (513) 977-8141
eric.combs@dinsmore.com
keeley.gogul@dinsmore.com

*Attorney for Defendants The City of Wilmington, Mark McKay, and Ronald Fithen*

## CERTIFICATE OF SERVICE

The undersigned certifies that on September 22, 2023, a copy of the foregoing was filed with the Clerk of Courts through the CM/ECF system, which will provide notice of filing to all parties.  Additionally, a copy of the foregoing has been served by electronic mail on the following:

Matt Miller-Novak, Esq.
Barron, Peck, Bennie, and Schlemmer Co. LPA
3074 Madison Road
Cincinnati, OH 45209
MMN@BPBSLaw.com

*Attorney for Plaintiffs*

*/s/ Justin M. Burns*
Justin M. Burns (0093686)

19